# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                                       Case No.      06-C-525
                                                               (96-CR-4)

**ROY EVANS,**

        **Movant.**

# DECISION AND ORDER

In 1997, a jury found Roy Evans ("Evans") guilty of various drug offenses for which this Court sentenced him to a term of imprisonment. He unsuccessfully appealed his conviction. Evans subsequently sought relief pursuant to 28 U.S.C. § 2255. The first such motion was denied on its merits, and the second § 2255 motion was dismissed for lack of jurisdiction as a successive motion prohibited by statute. Evans then filed a motion pursuant to 18 U.S.C. § 3582(c)(2), which the Court deemed an unauthorized successive attack on his sentence. That motion too was dismissed for lack of subject matter jurisdiction.

Undeterred by the law and its requirements related to successive § 2255 motions, Evans has filed yet another § 2255 motion, which was received by this Court on April 27, 2006. That motion is before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Court. Similar to his two

Dockets.Justia.com

previous motions, Evans's current motion will not survive Rule 4 analysis because it is an unauthorized successive motion.

The Court reiterates what Evans has already heard:

Section 2255 states that a second or successive petition/motion must be certified by the appropriate court of appeals. 28 U.S.C. § 2255 ¶ 8; *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005) (stating that district court was obliged to dismiss successive petition for lack of jurisdiction where petitioner had not first received certification from the court of appeals). Evans has not presented the requisite certification to this Court and, therefore, his motion must be dismissed for lack of subject matter jurisdiction. If Evans wishes to pursue the grounds raised in his present motion, he must first obtain certification from the Seventh Circuit in accordance with 28 U.S.C. §§ 2244(3) & 2255 ¶ 8.

*Evans v. United States*, No. 05-C-416, slip op. at 2 (E.D. Wis. Apr. 11, 2005).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Evans's Motion to Vacate Sentence is **DISMISSED** for lack of jurisdiction.

The Clerk of Court is instructed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 2nd day of May, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**

2